UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY SAYWARD and KIM SAYWARD,<br>Plaintiffs<br>v.<br>ERIC J. SAX M.D.,<br>and<br>MAINEHEALTH,<br>and<br>SPECTRUM HEALTHCARE PARTNERS, P.A.,<br>Defendants | Civil Action No. 2:26-cv-00258-JAW |

**PLAINTIFFS' OPPOSITION TO THE JOINT 12(B)(6) MOTION TO DISMISS OF DEFENDANTS MAINEHEALTH, ERIC J. SAX, M.D., AND SPECTRUM HEALTHCARE PARTNERS, P.A.**

The United States Supreme Court's unanimous decision in *Berk v. Choy* sends a clear signal that the federal rules of pleading supersede state restrictions on the commencement of medical malpractice cases. The Saywards' case is the first opportunity for the District of Maine to tune into that signal by applying this new precedent to the prelitigation screening requirements of the Maine Health Security Act.

The Saywards' Complaint presents a short and plain statement of their claim showing they are entitled to relief, and under the Federal Rules of Civil Procedure that is all they need to commence and plead their action in federal court. Because *Berk v. Choy* has already considered and rejected the type of arguments presented by MaineHealth, Spectrum Healthcare, and Dr. Sax, the Defendants' joint 12(b)(6) Motion to Dismiss should be denied.

## LEGAL STANDARD

A precedent of the Supreme Court must be followed by the lower federal courts. *Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.")

"When emergent Supreme Court case law calls into question a prior opinion of another court, that court should pause to consider its likely significance before giving effect to an earlier decision." *Carpenters Loc. Union No. 26 v. U.S. Fid. & Guar. Co.,* 215 F.3d 136, 141 (1st Cir. 2000); *see also Dumont v. PepsiCo, Inc.*, 192 F. Supp. 3d 209, 221 (D. Me. 2016)("Binding authority comes from that district's court of appeals and the United States Supreme Court.")

Even when a Supreme Court decision is not directly on point, its holding may cast into doubt the logic of lower court decisions and require taking a "fresh look at the issue." *United States v. Holloway*, 630 F.3d 252, 254 (1st Cir. 2011). "If lower courts felt free to limit Supreme Court opinions precisely to the facts of each case, then our system of jurisprudence would be in shambles, with litigants, lawyers, and legislatures left to grope aimlessly for some semblance of reliable guidance." *McCoy v. Massachusetts Inst. of Tech.,* 950 F.2d 13, 19 (1st Cir. 1991)

## ARGUMENT

### I. The United States Supreme Court's recent decision in *Berk v. Choy* is controlling precedent that supersedes the persuasive weight of past decisions within the District of Maine.

When the Supreme Court handed down its decision in *Berk v. Choy* on January 20, 2026, it marked the first occasion the nation's highest court analyzed a conflict between the Federal Rules of Civil Procedure and state restrictions on the commencement and pleading of medical

malpractice cases. 607 U.S. at 192 (2026). The *Berk v. Choy* decision provides a clear roadmap for federal courts to follow when assessing a conflict between the Federal Rules and state law.

Applied to this case, *Berk v. Choy* compels the conclusion that Rule 8 displaces the Maine Health Security Act's requirements for a plaintiff to present evidence of the merits of his claim as a precondition to filing his diversity lawsuit in federal court.

1. *Berk v. Choy* lays out how a federal court should analyze the choice of law between a Federal Rule of Civil Procedure and a state medical malpractice law that requires a plaintiff submit evidence on the merits of his case as a precondition to filing suit.

Under the analytical framework pronounced in *Berk v. Choy*, the fundamental inquiry is what question is in dispute: "We first ask whether the Federal Rule 'answers the question in dispute,'" and "[i]f a Federal Rule answers the disputed question, it governs, unless it exceeds statutory authorization or Congress's rulemaking power.'" 607 U.S. at 192. (quoting *Shady Grove*, 559 U.S. 393, 398 (2010). If the federal rule answers the disputed question, then any contrary state laws are displaced and unenforceable in federal court even if the state law is substantive." *Id.*

The *Berk v. Choy* decision specifically addressed the use (or rather, non-use) of *Erie* doctrine when considering whether a Federal Rule of Civil Procedure against a contrary state medical malpractice statute. The Supreme Court held that a federal court bypasses *Erie*'s inquiry altogether if a Federal Rule answers the disputed question. *Id.*

In other words, the court does not enter "*Erie's* murky waters" if the Federal Rule answers the question, so it does not matter if the state law would qualify as substantive or procedural. *Id.* The Supreme Court emphasized this point, stating, "we underscore that the substantive nature of [a state] law, or its substantive purpose, *makes no difference*." *Id. at 188* (cleaned up)(emphasis in original).

Next, *Berk v. Choy* instructs that the proper second step is to determine whether the federal rule (*not* the state law) is procedural rather than substantive. *Id.* at 198. To do so, the Supreme Court prescribes "a modest test" where "the only question is whether [the federal rule] 'really regulates procedure.'" *Id.* at 198-199 (2026)(quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)).

The Supreme Court unequivocally concluded that, yes, Rule 8 "really regulates procedure." *Id.* at 199. Therefore, the analysis ends there, without wading into *Erie's* waters. Rule 8 governs *even if* contrary state law could be deemed substantive under *Erie*.

In *Berk v. Choy*, as in this case, the defendants filed a 12(b)(6) motion to dismiss for failure to state a claim. The Supreme Court found that the question in dispute boiled down to whether a plaintiff could be dismissed from federal court for not presenting evidence attesting to his suit's merit. The Supreme Court concluded, "Rule 8 prescribes the information a plaintiff must present about the merits of his claim at the outset of litigation: a short and plain statement of the claim showing that [he] is entitled to relief." *Id.* at 188. (internal quotation omitted).

The Supreme Court's approach in *Berk v. Choy* acknowledges that a federal rule's <u>silence</u> speaks as loudly as its words when seeking an answer to the disputed question. *Id.* at 195. ("drawing a negative inference from text is sometimes the best way to understand it."). Applying that principle to Rule 8, the Court concluded that "[b]y requiring no more than a statement of the claim, Rule 8 establishes implicitly, but with unmistakable clarity, that evidence of the claim is *not* required." *Id.* at 194 (internal quotation omitted). The Supreme Court puts it thus: Rule 8 "sets a ceiling on the information that plaintiffs can be required to provide about the merits of their claims.")

2. Applied to this case, the binding precedent of *Berk v. Choy* compels the conclusion that Rule 8 prevents a plaintiff's federal diversity claim from being dismissed for not submitting evidence on the merits of his case to a panel under the Maine Health Security Act.

The 12(b)(6) challenge to the Saywards' Complaint in this case raises the same type of question that was addressed in *Berk v. Choy*: does Rule 8 answer whether a plaintiff can be dismissed from federal court for not presenting evidence to Maine's prelitigation screening panel attesting to his suit's merit. With the guidance of *Berk v. Choy*, the answer to this question is a resounding "yes," meaning any contrary screening panel requirements are displaced and unenforceable in federal court even if the Maine Health Security Act is substantive."[1]

Because Rule 8 answers the disputed question in this case, "a federal court bypasses *Erie*'s inquiry altogether." *Berk v. Choy*, 607 U.S. at 192. Thus *it doesn't matter* if 24 M.R.S. § 2903 or the rest of the Maine Health Security Act is substantive, because determining if a state law is substantive is part of the "murky waters" of *Erie* that we do not reach when the federal rule already provides the answer.

Because Federal Rule 8 controls, the 12(b)(6) Motion to Dismiss must be denied. The Saywards' Complaint sets forth "a short and plain statement of the grounds for the court's jurisdiction," (Compl. ¶¶ 8-10) "a short and plain statement of the claim showing that the pleader is entitled to relief," (Compl. ¶¶ 11-40) and "a demand for the relief sought" (Compl. p.10). The Saywards commenced their action pursuant to Rule 3 by filing their Complaint in the United States' Court for the District of Maine pursuant to diversity jurisdiction. Under the precedent of *Berk v. Choy*, that is all the Saywards need to do. To proceed with their action in federal court, they need not present any further evidence regarding the merits of their claim.

---

[1] Berk v. Choy already answered the second question with respect to Rule 8: yes, Rule 8 really regulates procedure, so it is valid under the Rules Enabling Act and displaces contrary state law even if the state law would qualify as substantive under *Erie. Id.* at 198-199.

The Defendants try to distance themselves from *Berk v. Choy*'s holding by attempting to characterize the Maine Health Security Act as something "fundamentally different" from Delaware's medical malpractice system. But the reality of the situation is that Delaware's system of malpractice laws on appeal in *Berk v. Choy* was similarly a comprehensive scheme of administrative rights and obligations.

Like the Maine Health Security Act, Delaware's Medical Malpractice Act required sworn testimony by an expert medical witness be presented to prove the merits of the plaintiff's case. Delaware law prescribes a confidential expert Affidavit of Merit under oath to attest to the merits of the claim, whereas Maine law provides for the plaintiff's own sworn affidavit (a notice of claim made under oath) followed by the presentation of sworn expert testimony at a confidential panel hearing. A reasonable inference from *Berk v. Choy* is that function matters more than form or order of filing:

> It is true, as defendants and the concurrence are quick to point out, that an affidavit of merit is a document separate from the "pleading," and that, by its literal terms, Rule 8 defines only what the "pleading ... must contain." But we think it is fair to infer that by specifying what information about the merits is required in the "pleading," Rule 8 excludes the possibility of requiring even more information on the same topic—whether in the "pleading" itself or on a separate sheet of paper attached to it.

*Berk v. Choy,* 607 U.S. at 194–95.

Delaware also had[2] a state system of medical negligence review panels that included an attorney and at least one healthcare provider from the discipline involved in the action. 18 Del.C. § 6803, 6804. As in Maine, Delaware's panels would consider medical records, deposition transcripts, and other written evidence submitted by the parties, as well as witness testimony at a

---

[2] The Delaware General Assembly has since repealed portions of its Medical Malpractice Act since Berk filed suit in 2022 and appealed in 2024. Del. 84 Laws 2024, ch. 393.

hearing before the panel. 18 Del.C. § 6807, 6808. Delaware's Medical Malpractice Act further mirrored Maine's by putting statutory caps on a claimant's attorney's fees (18 Del.C. § 6865), separate statutes of limitations from non-medical personal injury claims (18 Del.C. § 6856), and limitations of liability in cases based on informed consent (18 Del.C. § 6852).

On appeal, the defendants in *Berk v. Choy* made similar arguments to those presented by MaineHealth and Spectrum: that the state's medical malpractice statute is integral to the state's critically important policy of lowering insurance costs, that applying federal rules would abridge substantive rights, that bypassing the state malpractice statute would cause inequitable administration of the laws, that the Delaware law is not a pleading requirement, that the Delaware affidavit requirement goes hand in hand with the statute of limitations and tolling periods for claims. Berk v. Choy, Brief for Respondent Beebe Medical Center, 2025 WL 2262402, at *2, 12, 40, 43. None of these defense arguments made a difference to the Supreme Court, as none should in the present case.

3. <u>Unlike the *Berk v. Choy* opinion, past decisions within the District of Maine are not binding precedent and should be afforded limited persuasive weight in the context of this case.</u>

Defendants next try to compile an alternative source of "precedent" for the Court to follow by significantly overstanding the legal authority of past decisions within the District of Maine.

It is well-established law in the United States that past decisions within a federal district court are not binding precedent. *Camreta v. Greene*, 563 U.S. 692, 709 n.7, (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.")(quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed.2011); *Barbosa v. Midland Credit Mgmt., Inc*, 981 F.3d 82, 89 (1st Cir. 2020)("parties to this appeal rely heavily on decisions from district courts around the country [….] The parties spill quite a bit of ink arguing why these cases

are either analogous to -- or distinguishable from -- the facts at hand here. None of these decisions carry the day because they are, at best, persuasive."); *see, e.g., Campinell v. Abbott Lab'ys, Inc.*, No. 2:25-CV-00072-LEW, 2026 WL 323157, at *6 (D. Me. Feb. 6, 2026)("while the decisions of other district judges can be (and often are) persuasive, the decisions of federal district court judges are not binding precedent for other federal district court judges within that district.")(internal quotation omitted); *Dumont v. PepsiCo, Inc.*, 192 F. Supp. 3d 209, 221 (D. Me. 2016)("The decisions of federal district court judges are not binding precedent for other federal district court judges within that district.")

It makes perfect sense for a federal district court to consider the past opinions by esteemed colleagues when there is no binding precedent on point. But the persuasive weight of past decisions is limited when those cases did not consider an issue directly, or when the court was not presented with robust argument on the issue by the parties before it. *See United States v. DiPina*, 178 F.3d 68, 73 (1st Cir. 1999) ("Where, in a prior decision, we have not considered an issue directly and assessed the arguments of parties with an interest in its resolution, that decision does not bind us in a subsequent case where the issue is adequately presented and squarely before us, merely because some of the background facts are the same."); *Dumont v. PepsiCo, Inc.*, 192 F. Supp. 3d 209, 216 (D. Me. 2016)(noting the "long list of cases" presented by defendants "do not offer satisfactory analysis" of the issue being taken by the plaintiff).

The eight District of Maine decisions that Defendants cite in support of their motion did not directly consider the same issues now before this Court and often did not have the benefit of robust briefing. Nearly half were issued in cases involving *pro se* plaintiffs who did not object or respond to the motions to dismiss. *Stewart v. Mason*, No. 1:21-cv-00321-LEW, 2022 U.S. Dist. LEXIS 56992 at *2 (D. Me. Mar. 29, 2022); *Badger v. Correct Care Sols.*, No. 1:15-cv-00517-

JAW, 2016 U.S. Dist. LEXIS 29822, at *2 (D. Me. Mar. 7, 2016); *Demmons v. Tritch*, No. 06-140-B-W, 2007 U.S. Dist. LEXIS 17501, at *11-12 (D. Me. Mar. 1, 2007). One involved plaintiffs who were *trying* to get remanded to prelitigation screening panel proceedings in Superior Court after a defendant had removed them to federal court. *Kidder v. Richmond Area Health Center, Inc.,* 595 F.Supp.2d 139 (2009). Another involved a third-party contribution action against a doctor. *Brown v. Augusta Sch. Dept.*, 963 F. Supp. 39 (D. Me. 1997). One concerned whether the MHSA could also apply to a Florida healthcare provider. *Henderson v. Laser Spine Institute*, 815 F.Supp.2d 353 (2011).

Of the two remaining cases, *Houk v. Furman*, 613 F. Supp. 1022, 1027 (D. Me. 1985) and *Hewett v. Inland Hosp*., 39 F.Supp.2d 84 (1999), neither analyzed whether the rules for commencing a case and pleading a cause of action under the Federal Rules of Civil Procedure conflict with the MHSA. Both of these decisions are products of what their litigants did and did not argue.

In *Houk*, the plaintiff did not challenge the defendants' argument that federal courts sitting in diversity were bound by the medical malpractice laws of other states that required arbitration or presentation to review boards. *Houk*, 613 F. Supp. at 1026 ("Plaintiff concedes that other state medical malpractice statutes requiring that malpractice claims be initially referred to an arbitration or review board are binding on federal courts sitting in diversity actions.") Nor was there any suggestion to the Court that a federal law or rule directly conflicted with the MHSA's requirement that a plaintiff serve 90-day notice on a defendant before commencing his action. *See id.* at 1027. Instead, the plaintiff in *Houk* sought to distinguish his case by arguing the Maine Health Security

Act (as it existed at the time[3]) should not apply under an *Erie* analysis because the state law was "purely procedural" rather than "substantive." *Id.* Presented with these arguments, the Court went directly to applying *Erie* based on the Supreme Court guidance available at the time, and concluded the state requirement to serve a notice before commencing an action was a substantive decision by Maine that was an integral part of its statute of limitations.[4]

In *Hewett*, the plaintiff brought her claims in federal court under the original jurisdiction of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C.A. § 1395dd, and sought to have the Court exercise supplemental jurisdiction over her state law wrongful death claims. *Hewett,* 39 F.Supp.2d at 86. By the time the Court reached the defendants' motion to dismiss, the plaintiff had dismissed her EMTALA claim against the doctor, leaving only her EMTALA claim against the hospital plus her state law claims for wrongful death against both hospital and doctor. *Id.* at 85. The plaintiff asked the Court to exercise supplemental jurisdiction over her state law claims, which were simultaneously pending in prelitigation screening proceedings she had filed in Superior Court. *Id.* at 85. Citing *Houk*, the defendants moved to

[3] When *Houk* was decided, there was no prelitigation screening panel system in Maine. The screening panel system was enacted in 1986 and went into effect on January 1, 1987. Me. PL 1985, c. 804, §§12,22 (enacting Subchapter IV-A of the Maine Health Security Act, codified as 24 M.R.S. §§ 2851-2859).

The version of 24 M.R.S. § 2903 that *Houk* considered required only that a plaintiff serve (not file) a notice upon the defendant before the expiration of a 2-year statute of limitations. *Houk,* 613 F. Supp. at 1024. That portion of the Maine Health Security Act was repealed and replaced with an entirely new statute of limitations, tolling provision, and procedure for commencing an action. Me. PL 1985, c. 804, §§13,14 (repealing and replacing 24 M.R.S. §§ 2902, 2903).

[4] As stated above, this service-before-commencement requirement was repealed the following year. The present version of the MHSA does <u>not</u> require notice be served on the defendant before commencing an action. Since 1991, the MHSA has allowed commencing an action by filing a written notice of claim with the Superior Court, with service made under Me. R. Civ. Pro. 4 within 90 days of filing. The statute of limitations tolls as of the date the Notice of Claim was filed in Superior Court. 24 M.R.S. § 2859

dismiss all her claims. *Id.* at 86. The plaintiff took the position that *Houk* does not apply where jurisdiction is based on original jurisdiction under federal law rather than diversity. *Id.* The Court applied the *Erie* analysis from *Houk* to the state law claims and remanded these to Superior Court to allow the screening panel proceedings to conclude. *Id.* at 87-88.

*Houk*, *Hewett*, and the rest of these prior decisions all ultimately turn on the Court's application of *Erie* to find the Maine Health Security Act is a substantive state law substantiveness of the state law—which *Berk v. Choy* tells us is putting the cart before the horse. Nor did any of these decisions apply the underlying principles of *Shady Grove*, 559 U.S. 393 (2010) that *Berk v. Choy* cited to with approval.

To the extent past District of Maine decisions once provided persuasive authority that largely went unchallenged by litigants before this Court, those days ended with *Berk v. Choy*.

**II. The doctrine of *Burford* abstention applies to federal courts sitting in equity, not a federal court considering tort claims in a medical malpractice action.**

The so-called doctrine of *Burford* abstention is entirely irrelevant to this medical malpractice case.

Defendant's own Motion to Dismiss states that *Burford* abstention applies to a federal court "sitting in equity." Defs. Mot. to Dismiss p. 22. When, as now, the only equitable power a court is asked to exercise constitutes the very act of abstaining under *Burford,* the First Circuit considers it "highly questionable" that *Burford* abstention might apply. *Fragoso v. Lopez*, 991 F.2d 878, 882 (1st Cir. 1993). Furthermore, *Burford* abstention is only implicated when there is some decision or order of the state administrative agency that the court is asked to review. *Id.* at 883.

None of these circumstances apply to this case, so *Burford* abstention is not implicated.

**III. Even if the precedent of *Berk v. Choy* did not compel the conclusion that Rule 8 trumps the Maine Health Security Act's requirements, the appropriate remedy would be a stay to allow screening panel proceedings to proceed, not the extraordinary remedy of dismissal with prejudice that Defendants seek.**

The Defendants seek the extreme remedy of dismissal *with prejudice* to bar the Saywards from ever litigating the merits of their malpractice claim. Dismissal with prejudice is an extreme remedy, and the Defendants have not presented any legal precedent or factual support that such a penalty is warranted here.

Dismissal with prejudice "is a harsh sanction." *Id.* "[D]ismissal under Rule 12(b)(6) generally is not with prejudice." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.). Such an extreme remedy is inconsistent with First Circuit's "strong policy favoring the disposition of cases on the merits." *See Benjamin v. Aroostook Med. Ctr., Inc.,* 57 F.3d 101, 107 (1st Cir. 1995).

The Defendants apparently base their request for dismissal with prejudice on an affirmative defense based on their interpretation of the statute of limitations. To prevail on a 12(b)(6) motion based on a statute of limitations defense, the "review of the complaint, together with any other documents appropriately considered under Fed.R.Civ.P. 12(b)(6), must 'leave no doubt' that the plaintiff's action is barred by the asserted defense. *Blackstone Realty LLC v. F.D.I.C.*, 244 F.3d 193, 197 (1st Cir. 2001); *Rodi v. S. New England Sch. Of L.*, 389 F.3d 5, 17 (1st Cir. 2004)("The key is whether the complaint and any documents that properly may be read in conjunction with it show beyond doubt that the claim asserted is out of time.")(emphasis added).

Defendants have not cited any facts to show the Saywards' claim is time-barred (because it is not), let alone facts that show beyond doubt the claim is out of time. As of when the Complaint was filed to commence this action in federal court, time still remained before the statute of limitations expired.

The timing of events also leaves open tolling under the Maine Health Security Act, which triggers from the date a Notice of Claim was filed in Superior Court. 24 M.R.S. §2859. Since the filing of a Notice of Claim is confidential,[5] it's paradoxically not a matter that a party can plead.

Applying the standard articulated by the First Circuit in *Blackstone* and *Rodi*, there is nothing on the face of the Complaint to "show beyond doubt" that their claim is out of time. Accordingly, granting 12(b)(6) dismissal would be inappropriate. To the extent there is any issue with the Saywards' claims, the appropriate remedy would be a stay of the case so it could be proceed once any needed proceedings were complete under the Maine Health Security Act. *See, e.g., Henderson v. Laser Spine Inst.,* 815 F. Supp. 2d 353, 383 (D. Me. 2011)("the Court denies LSI's motion to dismiss and stays this action to allow Mr. Henderson to complete the mandatory pre-litigation screening under the MHSA.")

**CONCLUSION**

In accordance with *Berk v. Choy*, this federal diversity action is not subject to the prelitigation screening requirements of the Maine Health Security Act (the "MHSA"). The Saywards have filed a well-pleaded Complaint that more than sufficiently meets the pleading requirements of the Federal Rules of Civil Procedure.

The Defendants 12(b)(6) Motion to Dismiss should be denied.

---

[5] The actual scope of confidentially under the Maine Health Security Act needs to be addressed because Defendants have accused Plaintiffs of "denigrating" supposed statutory rights of confidentiality embedded within the MHSA. Defs. Mot. to Dismiss p. 28. The MHSA only makes confidential the Notice of Claim and other documents filed with the Superior Court, plus the proceedings and deliberations of the panel. 24 M.R.S. § 2853(1-A), § 2857(1). There is no confidentiality or right of privacy regarding the underlying events. As much as Defendants wish there was an all-encompassing gag order that prevents injured patients from publicly discussing the medical errors they were subjected to, that's simply not the law.

Respectfully submitted,

Dated: July 27, 2026

/s/ Elizabeth A. Kayatta

Elizabeth A. Kayatta, Esq.
Maine Bar No. 5039
Berman & Simmons, P.A.
P.O. Box 961
Lewiston, ME 04243-0961
(207) 784-3576
Attorney for Plaintiffs Jeffrey Sayward and Kim Sayward
KayattaService@bermansimmons.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2026, I electronically filed the attached PLAINTIFFS' OPPOSITION TO THE JOINT 12(B)(6) MOTION TO DISMISS OF DEFENDANTS MAINEHEALTH, ERIC J. SAX, M.D., AND SPECTRUM HEALTHCARE PARTNERS, P.A. with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Elizabeth A. Kayatta

Elizabeth A. Kayatta, Esq.
Maine Bar No. 5039
Berman & Simmons, P.A.
P.O. Box 961
Lewiston, ME 04243-0961
(207) 784-3576
Attorney for Plaintiffs Jeffrey Sayward and Kim Sayward
KayattaService@bermansimmons.com