UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY SAYWARD and KIM SAYWARD,<br><br>Plaintiffs,<br>v.<br><br>ERIC J. SAX, M.D.,<br><br>and<br><br>MAINEHEALTH,<br><br>and<br><br>SPECTRUM HEALTHCARE PARTNERS, P.A.,<br><br>Defendants. | Civil Action No. 2:26-cv-00258-JAW |

**REPLY MEMORANDUM OF DEFENDANTS MAINEHEALTH, ERIC J. SAX, M.D., AND SPECTRUM HEALTHCARE PARTNERS, P.A IN SUPPORT OF JOINT MOTION TO DISMISS**

By their opposition, Plaintiffs acknowledge and reaffirm their intentions not to serve a notice of claim in this case under the Maine Health Security Act ("MHSA"), 24 M.R.S. §§ 2853, 2903. They concede that in order to commence a timely case in the state court, they would have to have done so. 24 M.R.S. § 2903(1). They appear to acknowledge that failure to do so in state court would be fatal to their case, because the MHSA requires notice of claim before any lawsuit can be commenced. *Id.* The notice of claim would also trigger the statutory prelitigation hearing rights and obligations of subchapter IV-A, tolling the 3-year statute of limitations during that period of compliance with subchapter IV-A. 24 M.R.S. § 2903(2). But it is now too late for them to serve a notice of claim, because more than three years have gone by since their cause of action accrued, and no notice of claim has been served. *Id.*

There is no question – and Plaintiffs would appear to concede – that the MHSA's 3-year limitations period for actions against health care providers applies in federal court sitting in diversity in Maine. *Henderson v. Laser Spine Institute*, 815 F. Supp. 2d 353, 380 (D. Me. 2011); *see also Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1945) (state statute of limitations should apply in diversity actions under the *Erie* doctrine). The application of the Maine statute of limitations is based upon the prevailing, renowned federal court analysis under *Erie*, and rationale of the Supreme Court that "[i]n essence, the intent of [the *Erie*] decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust*, 326 U.S. at 109. "Plainly enough, a statute that would completely bar recovery in a suit if brought in a state court bears on a State-created right vitally and not merely formally or negligibly. As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow State law." *Id.*; *see also Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980); *Ragan v. Merch. Transfer & Warehouse Co.*, 337 U.S. 530 (1949).

Here, Plaintiffs put these policy concerns front and center – they stake the position that the MHSA notice of claim provision, and its interrelated statute of limitations tolling period, do not apply in federal court. This runs fundamentally counter to this Court's precedent on the precise issue. *See Henderson*, 815 F. Supp. 2d at 381-83 & n. 23 (D. Me. 2011); *Houk v. Furman*, 613 F. Supp. 1022, 1027 (D. Me. 1985). It also runs counter to the Supreme Court authority of *Walker* and *Ragan*, in this context where the MHSA defines by statute both the timing and the means for commencing all statutorily-defined professional negligence actions against health care providers in

Maine. 24 M.R.S. §§ 2853, 2859, 2902, 2903*; see also Barnickle v. Mather Hosp.*, No. 24-CV-6953-SJB-LGD, 2026 U.S. Dist. LEXIS 22297 (E.D.N.Y. Feb. 3, 2026).[1]

Plaintiffs are incorrect that this statute of limitations issue cannot be decided on a motion to dismiss under Rule 12(b)(6). *See Álvarez-Maurás v. Banco Popular of Puerto Rico*, 919 F.3d 617, 628 (1st Cir. 2019). The pleadings here "leave no doubt that [the] asserted claim is time-barred." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 509 (1st Cir. 1998). Moreover, at the motion to dismiss stage, the Court can consider "(a) implications from documents attached to or fairly incorporated into the complaint, (b) facts susceptible to judicial notice, and (c) *concessions in plaintiff's response to the motion to dismiss*." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55-56 (1st Cir. 2012) (emphasis added) (cleaned up).

Under these standards, Plaintiffs cannot avoid or postpone the statute of limitations determination on this motion. On the face of their Complaint, Plaintiffs allege both the day – **May 29, 2023** – and the times of the treatment in issue. Compl., ECF Doc. No. 1 ¶¶ 12, 13-27. Under the Maine statute of limitations,[2] they had until May 29, 2026 to commence their case. But Maine law further defines *when* an action can be commenced. Under section 2903(1)(A), an action can only be commenced *after* a notice of claim is served and filed within this 3-year period.

Plaintiffs concede they served no notice of claim before May 29, 2026. The gist of their opposition is that they have not in fact done so (otherwise, they would have filed it with this Court with proof of service), and their Complaint itself does not independently meet the notice of claim requirement because it is not under oath. 24 M.R.S. § 2853. To the contrary, their Complaint

---

[1] In their opposition, Plaintiffs do not distinguish their case from *Barnickle*, which explains why the rationale of *Berk v. Choy*, 607 U.S. 187 (2026) does not apply in cases such as this, where the question is whether an action has been commenced under state law defining when an action is commenced for statute of limitations purposes. *Barnickle*, 2026 U.S. Dist. LEXIS 22297, at *8.

[2] As discussed in Defendants' Joint Motion to Dismiss, the MHSA's 3-year limitation period is a statute of repose. Joint Mtn. to Dismiss, ECF Doc. No. 17, at 20 n.4.

implies a deliberate decision on their part not to serve a notice of claim, by their allegation that "this federal diversity action is not subject to the procedural requirements of the Maine Health Security Act." Compl. ¶ 10. But the problem with this allegation is, of course, that the MHSA's 3-year statute of limitations and its related pre-suit notice of claim provision have never been considered "procedural requirements" that do not apply to our federal courts in Maine sitting in diversity. *Henderson*, 815 F. Supp. 2d at 380; *Houk*, 613 F. Supp. at 1027). *Berk v. Choy*, the case Plaintiffs cite to and rely upon, does not change this, as it does not overrule long-standing Supreme Court authority in *Walker and Ragan*, cited above, that make state statutes of limitations applicable under the *Erie* doctrine to federal courts sitting in diversity.

This analysis also reveals why Plaintiffs' exclusive reliance on Rule 8 of the Federal Rules of Civil Procedure is misplaced. To the extent the analysis of whether to apply section 2903 of the MHSA is grounded on whether that provision "answer[s] the same question" as Rule 8, *Berk*, 607 U.S. at 198, it is clear in this case that the two address fundamentally different topics. Rule 8 sets forth the federal court pleading requirements, or in other words "how" to plead a claim in terms of what information needs to be provided to the court about the merits of the case to assess whether it can proceed further into discovery. *See id*. at 194. In contrast, section 2903 regulates "when" a claim can be brought under state law and defines how that statutorily defined claim is commenced for statute of limitations purposes. It can only be commenced – in any court – *after* a notice of claim under oath is served and filed, and *after* a pre-suit hearing under subchapter IV-A. 24 M.R.S. § 2903. Underscoring how these section 2903 provisions fundamentally regulate timing, is the subsection requiring that before the case is "commenced" the plaintiff must "determine[] that the time periods provided in section 2859 have expired." 24 M.R.S. § 2903(1)(C). Those "time periods" are the inherent tolling period "from the date upon which notice of claim is served" to

"notice of the findings of the panel [under subchapter IV-A]" within the "applicable statute of limitations concerning actions for professional negligence." 24 M.R.S. § 2859; *see also* § 2903(2).

Hence, it is the MHSA statute of limitations and tolling period, including failure to provide pre-suit notice of claim, that operate to preclude this case from moving past a motion to dismiss, not a failure to comply with Rule 8 pleading standards. Rule 12(b)(6) is the appropriate pre-answer *procedural* vehicle to dismiss a case based on statute of limitations when, as here, the material facts on the limitations are not in dispute.[3]

Plaintiffs cannot avoid dismissal with prejudice. A failure to comply with pre-suit notice of claim provisions extinguishes the remedy for even a meritorious, well-pled tort action – and even if that result "may be deemed unfair or harsh." *Dasha v. Maine Medical Center*, 665 A.2d 993, 996 (Me. 1995) (answering certified question from federal court sitting in diversity, to apply the 3-year medical malpractice statute of limitations without equitable exceptions). In this case, the 3-year statute of limitations has run (it is now past May 29, 2026) and so any tolling period under section 2859 triggered by a theoretical later service of a future notice of claim under oath, would be ineffectual. Once a claim is extinguished under a Maine statute of limitations, it cannot be revived. *See Dupuis v. Roman Cath. Bishop of Portland*, 331 A.3d 294 (Me. 2025) (subsequent legislative enactment reviving extinguished claims for sexual abuse of minors is unconstitutional under Maine constitution); *Angell v. Hallee*, 92 A.3d 1154, 1158 n.7 (Me. 2014) (any events

[3] This Court's precedent dismissing cases for failure to comply with the pre-suit notice of claim requirement in the Maine Tort Claims Act ("MTCA") is analogous. *Palm v. Sisters of Charity Health Sys.*, 537 F. Supp. 3d 228 (D. Me. 2008); *McCarthy v. Inhabitants of the Town of Kennebunkport*, 366 F. Supp. 2d 165 (D. Me. 2005). A claim under the MTCA is a statutorily defined tort claim brought against persons or entities entitled to governmental entity coverage under the MTCA (14 M.R.S. § 8102); the MTCA requires timely pre-suit notice to the applicable governmental entity under section 14 M.R.S. § 8107. The recent case of *Berk* does not upset this precedent by suggesting that Rule of 8 of the Federal Rules of Civil Procedure now displaces the MTCA's pre-suit notice of claim provisions for diversity actions (or even for actions of supplemental jurisdiction over state law claims, *see Long v. Abbott*, 2:15-cv-00291-JAW, 2017 WL 829145 at *30 (D. Me. 2017)).

which could have tolled statute of limitations but which occurred after expiration are not material). If the Court stays this action, as Plaintiffs request, Plaintiffs can do nothing during the period of stay to cure the passage of time. Any notice of claim served under section 2853 would now be untimely to commence an action for professional negligence against health care providers under the MHSA, because over three years have passed since the alleged cause of action accrued. 24 M.R.S. §§ 2902-2903. And again, Rule 8 of the Federal Rules of Civil Procedure does not address the topic of timeliness, so it does not displace any of these provisions of the MHSA.

In fact, as explained in detail in Defendants' Joint Motion to Dismiss, the relevant provisions of the MHSA are not displaced by any Federal Rule of Civil Procedure. Therefore, in order to complete the analysis, the Court must wade into the waters of *Erie*. *See Walker*, 446 U.S. at 749-53; *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 421 (2010) ("If the federal rule does not apply or can operate alongside the state rule, then there is no 'Act of Congress' governing that particular question . . . and the court must engage in the traditional Rules of Decision Act inquiry under *Erie* and its progeny"). Plaintiffs read *Berk* much too broadly to eliminate all changes in state substantive law impacting not just liability but also rights to a remedy, such as compliance with the state's statutes of limitations periods. In *Gasperini v. Cent. for Humanities, Inc.*, 518 U.S. 415 (1996), the Supreme Court reaffirmed that "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law," because "[f]ederal diversity jurisdiction provides an alternative forum for the adjudication of state-created rights, but it does not carry with it generation of rules of substantive law." *Id.* at 426-27 (discussing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Ultimately, as *Gasperini* explains, the classification of law as "substantive" or "procedural" must be "guided by 'the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable

administration of the laws.'" *Id.* at 428 (quoting *Hanna v. Plumer,* 380 U.S. 460 (1965)). Here, these "twin aims" clearly guide towards applying the MHSA's pre-suit notice of claim and tolling provisions to cases both in federal and in state court, to avoid forum-shopping and to promote equitable administration of the laws among all claims against health care providers in Maine.

All of the reasons laid out throughout Defendants' Joint Motion to Dismiss, relating to state public policy considerations underlying the MHSA and concerns on the equitable administration of justice, along with all the reasons included in the federal abstention section (ECF Doc. No. 17, at p.24-29)[4], apply as reasons under *Erie* and its progeny to treat the MHSA as substantive state law in this case. A stay of this action would not be an appropriate resolution to this Motion to Dismiss because there would be nothing for the Plaintiffs to do to revive their action. They could not commence a timely medical malpractice claim under Maine law during the pendency of any stay. While this result may seem unfair or harsh, it is the result that Plaintiffs nonetheless deliberately chose for their case when they chose not to commence an action for professional negligence against health care providers in Maine in accordance with long-established statutes of tolling and repose in the MHSA. Those MHSA provisions are not "procedural" law under the *Erie* doctrine. Pivoting to treat them as such dislodges whole lines of authority applying pre-suit notice of claim provisions and statutes of limitations to state claims when this Court is sitting in diversity.

Defendants respectfully request that this case be dismissed with prejudice.

---

[4] On the alternative federal abstention argument, Defendants agree that on the basis of Plaintiffs' position in opposition to the main issue of failure to comply with the MHSA, this Court would not reach the question of abstention – there is no state proceeding from which to abstain the exercise of federal jurisdiction, and Plaintiffs make clear that they never intended to simultaneously start one. The alternative argument in the motion to dismiss was brought before hearing from Plaintiffs in opposition, not knowing whether they would attempt to simultaneously commence an action by serving a notice of claim under section 2853. This Court also need not reach the issues of whether it is "sitting in equity" under the federal abstention doctrine (although we note Plaintiffs do ask the Court for more than just damages, they ask for "such other and further remedies as this Court deems just and equitable," Compl. at p.10; and they appear to call upon principles of equity to be relieved of Maine's 3-year statute of limitations resulting from their failure to file a timely pre-suit notice of claim).

DATED at Portland, Maine, August 7, 2026.

/s/ Russell B. Pierce, Jr.
Devin W. Deane, Esq. Bar No. 5080
Russell B. Pierce, Esq. Bar No. 7322
*Attorney for Defendant MaineHealth*

Normand, Hanson & DeTroy, LLC
220 Middle Street
P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000

/s/ Kyla T. Smet
Robert P. Hayes, Esq. Bar No. 5096
Kyla T. Smet, Esq. Bar No. 10699
*Attorneys for Defendants Eric J. Sax, M.D.*
*and Spectrum Healthcare Partners, P.A.*

DRUMMOND WOODSUM
84 Marginal Way, Suite 600
Portland, ME 04101-2480
(207) 772-1941
rhayes@dwmlaw.com
ksmet@dwmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026 I electronically filed the attached Reply Memorandum of Defendants MaineHealth, Eric J. Sax, M.D., and Spectrum Healthcare Partners, P.A. in support of Joint Motion to Dismiss with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Russell B. Pierce, Jr.
Russell B. Pierce, Esq. Bar No. 7322
*Attorney for Defendant MaineHealth*

Normand, Hanson & DeTroy, LLC
220 Middle Street
P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000